## UNITED STATES DISTRICT COURT
## EASTERN  DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

      Plaintiff,

v.

MAYFIELDGENTRY REALTY ADVISORS, INC.,

      Defendant.

_____/

Case No.

Honorable.

**COMPLAINT
AND JURY DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Yvette Williams who was adversely affected by such practices.  The Equal Employment Opportunity Commission alleges that Defendant MayfieldGentry Realty Advisors, Inc., violated Title VII when it terminated Williams on the basis of her sex (pregnancy).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, MayfieldGentry Realty Advisors, Inc. (the "Employer") has continuously been a Michigan corporation doing business in the State of Michigan and the City of Detroit, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Yvette Williams filed a charge with the Commission alleging violations of Title VII by the Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least October 2007, Defendant Employer has engaged in unlawful employment practices at its Detroit, Michigan facility, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a).  The Defendant's unlawful employment practices include subjecting Williams to different terms and conditions of employment and terminating her employment on the basis of her sex (pregnancy).

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Williams of equal employment opportunities and otherwise adversely affect her status as

an employee because of her sex.

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants and employees, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant Employer to make whole Williams, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Defendant Employer to make whole Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical and other health expenses, in amounts to be determined at trial;

E.     Order Defendant Employer to make whole Williams by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

3

paragraph 7 above, including embarrassment, humiliation, and mental anguish, in amounts to be determined at trial;

    F.    Order Defendant Employer to pay Williams punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest;

    H.    Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DATED: September _____, 2008

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

TRINA R. MENGESHA (P59458)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-4620
trina.mengesha@eeoc.gov

4